UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

TROY ALEX SCHNEIDER,

        Plaintiff,

Case No. 1:19-cv-768

v.

Honorable Janet T. Neff

MICHAEL POULIN et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a county jail inmate under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    **I.**    **Factual allegations**

Plaintiff is presently incarcerated at the Muskegon County Jail. He initially was housed at the jail on a parole violation. Since Plaintiff arrived on January 15, 2019, he has twice been accused of sexual assault by other prisoners. Those accusations have resulted in criminal

charges for fourth-degree criminal sexual conduct pending in the Muskegon County Circuit Court, Case No. 19-002326-FH and Case No. 19-003704-FH. It appears that Plaintiff is not incarcerated in connection with the pending criminal prosecutions rather than the parole violation.

Plaintiff contends that his accusers, inmates Olson and Korstanje, are lying. Plaintiff sues Muskegon County Sheriff Michael Poulin; Sergeants Todd Gilchrist and Unknown Rideout; and Deputies Justin Kring and Unknown Knox.

Plaintiff contends that Defendants are "violating [his] constitutional rights by not protecting [him] from the first charge or the second charge." (Compl., ECF No. 1, PageID.4.) Plaintiff claims the Defendants played some role in furthering the claims raised by Olson and Korstanje, despite knowing that the charges were false. Plaintiff also claims the Muskegon County Sheriffs Department shows Prison Rape Elimination Act commercials, over and over, all night on television thereby encouraging his accusers to make allegations against Plaintiff for other purposes, i.e., for Olson, to force a cell move, and for Korstanje, to deflect attention when he was caught playing cards in another room.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim

2

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Favorable termination

Plaintiff does not identify the specific constitutional right infringed by Defendants' conduct; however, he complains that his liberty is restrained by virtue of Defendants' use of knowingly false evidence—the lies of Olson and Korstanje—to further Plaintiff's prosecution. Plaintiff's claim, therefore, implicates the Fourteenth Amendment Due Process Clause. *McDonough v. Smith*, 139 S. Ct. 2149, 2156-57 (2019). The Sixth Circuit has referred to claims

3

like Plaintiff's as § 1983 claims for malicious prosecution. *See King v. Harwood*, 852 F.3d 568, 580 (6th Cir. 2017).

To state a claim for malicious prosecution under § 1983, Plaintiff must allege four elements: "'(1) a criminal prosecution was initiated against the plaintiff, and the defendant made[,] influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor.'" *King*, 852 F.3d at 580 (quoting Sanders v. Jones, 845 F.3d 721, 728 (6th Cir. 2017)). Plaintiff's criminal prosecutions are still pending. He has not and he cannot allege that they have been resolved in his favor. Accordingly, he cannot state a claim for malicious prosecution under § 1983.

### IV. Motion regarding law library

Plaintiff has also moved the Court to enter an order directing the jail to allow Plaintiff to use the law library. (ECF No. 4.) Because Plaintiff's complaint is properly dismissed, his motion is moot and will be denied.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An order and a judgment consistent with this opinion will be entered.


Dated: October 15, 2019 /s/ Janet T. Neff
Janet T. Neff
United States District Judge